# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

───────────────────────

**No. 96-50281**
**Summary Calendar**

───────────────────────

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**IKWUEMESI UZOMA OKOLI,**

**Defendant-Appellant.**

─────────────────────────────────────────────────────

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(A-95-CV-93)**

─────────────────────────────────────────────────────

January 13, 1997

Before JONES, DeMOSS, AND PARKER, Circuit Judges.

PER CURIAM:[*]

Ikwuemesi Uzoma Okoli appeals from the district court's denial of his motion to

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The sentence about which

Okoli complains is the result of his guilty plea to conspiracy to import heroin for which he received

120 months imprisonment, five years supervised release, a $10,000 fine, and a $50 special assessment.

───────────────────────────────────────────────

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

His sentence was affirmed on appeal. *See United States v. Okoli,* 20 F.3d 615, 617 (5th Cir. 1994).

Pursuant to 28 U.S.C. § 2255, Okoli moved in the district court for vacatur of his conviction and sentence alleging that (1) the plea agreement requiring the forfeiture of his vehicle and funds in a certain bank account coupled with imprisonment constituted a violation of double jeopardy, (2) he received ineffective assistance of counsel because his counsel failed to challenge the indictment on double jeopardy grounds, and (3) he received ineffective assistance of counsel because his counsel failed to request a departure below the minimum mandatory sentence.

On April 24, 1996, 28 U.S.C. § 2253 was amended to provide that an appeal may not be taken to this court from a final order in a motion to the district court pursuant to § 2255 unless the petitioner is issued an certificate of appealability ("COA"). *See* Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). AEDPA became effective on April 24, 1996. The district court's denial of Okoli's motion to vacate, set aside, or correct his sentence and Okoli's notice of appeal were entered before April 24, 1996. Although this court has not yet determined whether the COA requirement applies to an appeal from a 28 U.S.C. § 2255 action that was pending at the time that AEDPA became effective, it is not necessary for us to do so today because we conclude that Okoli's claims are without merit. Accordingly, we would neither grant a COA, if the amendments applied, nor would we grant relief under the unamended version of § 2255.

Okoli complains of the plea agreement which required the forfeiture of a vehicle and funds in a certain bank account. This property subject to forfeiture was "either used to facilitate and/or constitute[s] proceeds from unlawful controlled substance trafficking." R. 1:149. Okoli

2

argues that the forfeiture coupled with his sentence of incarceration constitutes a violation of double jeopardy. However, even if the forfeitures he complains of actually occurred here, forfeiture of property under the federal drug statutes does not constitute punishment for purposes of the Double Jeopardy Clause. *See United States v. Ursery,* ___ U.S. ___, 116 S.Ct. 2135, 2138-39 (1996). Okoli complains that he received ineffective assistance of counsel because his counsel failed to challenge the indictment on double jeopardy grounds. In light of the fact that there was no double jeopardy violation, his ineffectiveness claim necessarily fails. *See Lauti v. Johnson,* ___ F.3d ___, 1996 WL 707014, *4 (5th Cir. 1996).

Okoli also complains that he received ineffective assistance of counsel because his counsel did not request the sentencing court to depart below the minimum mandatory sentence after the court granted the government's motion for a downward departure. However, a district court is precluded from considering a departure below a statutory minimum mandatory sentence upon the Government's § 5K1.1 motion unless the Government moves for such a departure pursuant to 18 U.S.C. § 3553(e). Because the Government made no such motion in this case, Okoli cannot demonstrate the requisite prejudice -- a reasonable probability that the sentence would have been significantly less harsh if counsel had so moved -- to establish an ineffective assistance of counsel claim. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984) (in order to establish an ineffective counsel claim, the defendant must prove that counsel's assistance was deficient and that the deficiency prejudiced his defense); *Spriggs v. Collins,* 993 F.2d 85, 88 (5th Cir. 1993) (there must be a reasonable probability that but for counsel's errors, the defendant's sentence would have been significantly less harsh).

For the foregoing reasons, the judgment of the district court is AFFIRMED.

3